

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 3, 1957

Honorable Robert S. Calvert          Opinion No. WW-177.
Comptroller of Public Accounts
Austin, Texas                        Re: Legality of the expendi-
                                         ture of State funds for
                                         stationery, supplies and
                                         postage for each member
                                         of the House of Repre-
                                         sentatives for their use
                                         until next meeting of the
                                         Legislature, pursuant to
Dear Mr. Calvert:                        H.S.R. 479.

        Your request for an Opinion dated June 17, 1957, reads
as follows:

        "I am enclosing a copy of HSR Resolution No.
    479 and call your attention to the following lan-
    guage found on page 6 of this Resolution:

        "'RESOLVED, That each Member of the House of
    Representatives of the Fifty-fifth Legislature, be,
    and is hereby, allowed an additional Fifty Dollars
    ($50) each, with the Committee on Contingent Ex-
    penses for expenditures of stationery, supplies,
    postage, telephone tolls, and/or telegraph tolls.
    These Members that have exceeded the amount hereto-
    fore authorized shall be entitled to have this addi-
    tional amount paid from the Contingent Expense Fund,
    but no more.'

        "You have in subsequent opinions advised con-
    cerning the legality of telephone and telegraph
    toll charges.  Please advise me as to the legality
    of the expenditures of State funds for stationery,
    supplies and postage for each member of the House
    of Representatives for their use until the next
    meeting of the Legislature."

        The aforementioned Resolution was adopted by the House
on May 17, 1957, and deals primarily with post session matters
affecting the House.  It is not clear whether the $50.00 allow-
ance to each member therein made for stationery, supplies, post-
age, telephone tolls and/or telegraph tolls was to be expended

prior to adjournment or whether it was intended to be a between-session allowance for each member for the purposes specified, or for both purposes.

Insofar as the resolution authorizes expenditures by members for said purposes prior to adjournment of the Legislature, we think it clear that both the authorization, and the expenditures pursuant thereto, are permitted by law; but insofar as it might authorize between-session expenditures for any of said purposes, the great weight of authorities by which we must be guided, prohibits same.  The question presented is not one of first impression by any means.  Commencing with Attorney General's Opinion O-3778 (1941) the Attorney General has consistently held that compensation of Legislators is strictly specified and limited by Section 24 of Article III of the Texas Constitution; that reimbursement for "personal" as opposed to "legislative" expenses is in the nature of unauthorized compensation; and that the only expenses that are "legislative" are those that relate to public purposes concerned with duties imposed by law on members of the Legislature.  The above opinion treats the subject in an exhaustive manner, citing numerous court decisions of this and other jurisdictions in support of the proposition therein announced.  To recapitulate such authorities at this time could only serve to unnecessarily prolong the opinion.  See also: Attorney General's Opinions numbered V-84 (1947), V-211 (1947), V-772 (1949), MS-40 (1953), WW-131 (1957), WW-148 (1957).  We do, however, quote from that portion of Attorney General's Opinion No. O-3778 (1941) dealing with the distinction between a "personal" and "legislative" expense, as follows:

"It is believed that the matter of Legislative and personal expense may be rationalized as follows. Legislative expense is that incident to the workings of the Legislature as an actual law-making body, as a whole, as the Legislature itself, when in session; through a special committee delegated by the Legislature while in session to work on a legislative matter between sessions; through personnel employed to close matters after adjournment; or through employees maintained between sessions for the care of the Legislative halls or for maintenance of a central office or clearing house for legislative matters between sessions.  These expenses are for the mutual benefit of all members--for the Legislature itself.

"Personal expense, on the other hand, is that incurred, or which may be incurred, by a Member between sessions working under his own will, in his own discretion and as a matter of individual enterprise --

not as a part of the Legislature in session or under extraordinary assignment from the body between sessions.

"If, therefore, an allowance of expenses to individual members of the Legislature during a session, or while on a committee assignment between sessions, is presumptively legislative expense, it does not follow that an expense allowance to each member indiscriminately between sessions is likewise so. To the contrary, in our opinion the latter is presumptively personal expense.

"Essentially this view is grounded upon the historical and constitutional concept of a State legislative office, together with the practical workings of the constitutional methods with reference thereto, and the discernible weight of the cases in support of such conclusion."

The foregoing authorities preclude our making any valid distinction between expenses for telephone tolls between session, with which Opinions WW-131 and WW-148 were concerned, and expenses for stationery, supplies and postage. We think between-session allowances for either, unless such expense occurred under such circumstances as to come within the definition of "legislative expense" as that term is defined above, would constitute an unlawful use of State funds.

## SUMMARY

Insofar as HSR 479 of the 55th Legislature may authorize members of the House of Representatives to expend State funds for stationery, supplies, postage, telephone tolls and/or telegraph tolls, between sessions of the Texas Legislature, same is invalid as authorizing the expenditure of State funds for an unlawful purpose.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Leonard Passmore

Leonard Passmore
Assistant

LP:PF:wb

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman
Larry Jones
Joe Rollins
Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL

BY:   Geo. P. Blackburn